# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN HOMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-CV-3145-WJE |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff John Homer seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (Commissioner) denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Mr. Homer contends the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that he was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision will be affirmed.

## I. Background

Mr. Homer applied for DIB in May 2015, alleging a disability onset date of March 1, 2014. (AR 127). His claim was initially denied, and he subsequently filed a request for a hearing before an Administrative Law Judge (ALJ). (AR 69-77). In early 2017, the ALJ held a hearing on this matter. (AR 25). Mr. Homer testified at the hearing and discussed issues relating to his alleged disability, including severe pain caused by two motor vehicle accidents that resulted in physical injuries. (AR 14-15). The ALJ heard this testimony, and also reviewed medical record evidence from James Morgan, Ph.D., and Pearl Hunter, F.N.P. (AR 14, 16).

The ALJ ultimately decided Mr. Homer was not disabled. (AR 10). The ALJ found Mr. Homer had severe impairments of cervicalgia and right shoulder pain, and non-severe impairments of obesity, tobacco use disorder, and fractured ribs. (AR 12). However, the ALJ noted that conservative treatment had been effective for Mr. Homer, and concluded he retained the ability to perform light work. (AR 14). The ALJ also decided that Mr. Homer should be categorized as an "individual closely approaching advanced age," despite being only three months away from the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

next higher age category under the Medical-Vocational Guidelines. (AR 17). Shortly thereafter, the Appeals Council denied Mr. Homer's request for review. (AR 1). Thus, the ALJ's decision stands as the final decision of the Commissioner.

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001)*; Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To meet the burden, the claimant must show a medically determinable impairment that has lasted or will likely last for a period of at least one year and has rendered claimant unable to engage in any "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *Simmons*, 264 F.3d at 754; *see also McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). Based on these criteria, the Social Security Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R §§ 404.1520 and 416.920; *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 754-55.

At step one, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity" (SGA). 20 C.F.R §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R § 404.1572(b). If the claimant is engaged in SGA, then the claimant is not disabled. 20 C.F.R §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If the claimant is not engaging in SGA, the analysis proceeds to the second step.

Next, at step two, the Commissioner must determine whether the claimant has a severe medically determinable impairment that significantly limits the claimant's physical or mental ability to perform basic work activities. *Dixon*, 353 F.3d at 605. An impairment or combination

of impairments is not severe when evidence—medical or otherwise—establishes one or more slight abnormalities that would have only a minimal effect on an individual's ability to work. 20 C.F.R §§ 404.1521 and 416.921; *Kirby*, 500 F.3d at 707. If the claimant does not have one or more severe, medically-determinable impairments, the claimant is not disabled under the SSA.

If the claimant is found to be severely impaired, the analysis proceeds to the third step where the Commissioner must determine whether the claimant's impairment(s) meet or medically equal the severity criteria listed in 20 C.F.R Part 404, Subpart P, Appendix 1. 20 C.F.R §§ 404.1520(d), 404.1525, 404.1526. If the impairment(s) meet the criteria and duration requirement, the claimant is disabled. Otherwise, the analysis proceeds to the next step.

At step four, the Commissioner examines evidence provided by the claimant to assess the claimant's RFC. 20 C.F.R §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC refers to a claimant's ability to perform physical and mental work activities on a sustained basis despite limitations from impairments. *Id.* At this stage of the analysis, the Commissioner is responsible for developing the claimant's complete medical history, arranging for consultative examinations, and assisting claimant with gathering other medical evidence. 20 C.F.R §§ 404.1545(a)(3) and 416.945(a)(3). If a claimant retains the RFC for work performed in the fifteen years prior to the onset of the alleged disability ("past relevant work"), then the claimant is not disabled. If the claimant is or does not have any past relevant work, the analysis proceeds to final step, and the burden shifts, thereafter requiring the Commissioner to disprove disability.

At step five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant is able to do any other work. Though the claimant continues to bear the burden of proving disability, once he or she adequately shows an inability to do past work, the Commissioner has the burden of proving the claimant retains the RFC to do *other* types of work. *Frederick v. Berryhill*, 247 F. Supp. 3d 1014, 1020 (E.D. Mo. Mar. 27, 2017). The Commissioner is then responsible for providing evidence that other work the claimant can perform exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c). If the claimant is able to do other work, the claimant is not disabled. If the claimant is not able to do other work and meets the duration requirement, the claimant is disabled.

### III. The ALJ's Findings

The ALJ made the following findings:
1. The claimant last met the insured status requirements of the SSA on March 31, 2015.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset disability date of March 1, 2014, through his date last insured of March 31, 2015. 20 C.F.R. § 404.1571 *et seq*.
3. Through the date last insured, the claimant had the following severe impairments: cervicalgia and right shoulder pain. 20 C.F.R. § 404.1520(c).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.
5. Through the date last insured, the claimant had the RFC to perform full range of light work as defined in 20 C.F.R. § 404.1567(b).
6. Through the date last insured, the claimant was unable to perform any past relevant work. 20 C.F.R. § 404.1565.
7. The claimant was born on July 4, 1960, and was fifty-four years old, which is defined as an individual closely approaching advanced age, on the date last insured. 20 C.F.R. § 404.1563.
8. The claimant has a limited education and is able to communicate in English. 20 C.F.R. § 404.1564.
9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills. *See* SSR 82-41, 20 C.F.R. Part 404, Subpart P, App'x 2.
10. Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed. 20 C.F.R. § 404.1569(a).
11. The claimant has not been under a disability, as defined in the SSA, at any time from March 1, 2014, the alleged onset date, through March 31, 2015, the date last insured. 20 C.F.R. § 404.1520(g).

## IV. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). "Substantial evidence" is less than "a preponderance of the

evidence," merely requiring that a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*; *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

All evidence, whether it supports or contradicts the Commissioner's decision, should be examined to determine whether the existing evidence is substantial. *Baker*, 457 F.3d at 892. When reviewing the record to determine if there is substantial evidence to support the administrative decision, the Court considers the educational background, work history, and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of a VE when based upon proper hypothetical questions that fairly set forth the claimant's impairments. *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Schouten v. Berryhill*, 685 F. App'x 500, 501 (8th Cir. 2017); *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *Baker*, 457 F.3d at 892; *Wheeler v. Apfel*, 224 F.3d 891, 893-94 (8th Cir. 2000); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).

## V.     Discussion

Mr. Homer raises two arguments on appeal. First, he asserts the ALJ's RFC determination was not supported by substantial evidence. Second, Mr. Homer contends the ALJ failed to properly determine Mr. Homer's applicable age category. For the reasons that follow, the decision of the ALJ must be affirmed.

a. *The ALJ's RFC determination is supported by substantial evidence.*

Mr. Homer argues remand is proper because the ALJ failed to base the RFC on substantial evidence. Specifically, he argues the ALJ did not rely on medical evidence to conclude Mr. Homer could complete light work. Moreover, Mr. Homer contends his testimony was improperly weighed, including his subjective complaints of pain.

The ALJ's assessment of the RFC must be supported by some medical evidence, but "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin,* 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted) (finding that extensive medical records and a treating physician's letter summarizing defendant's severe impairments were adequate medical evidence to uphold the ALJ's ruling); *see also Whiteman v. Colvin*, 762 F.3d 701, 705 (8th Cir. 2014) (noting a plaintiff bears the ultimate burden to prove his or her disability during

the relevant period). Moreover, "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue,* 611 F.3d 941, 955 (8th Cir. 2010) (quoting *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009)).

Additionally, when analyzing a claimant's subjective complaints of pain, an ALJ is required to examine factors such as "(1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Wright v. Colvin*, 789 F.3d 847, 853–54 (8th Cir. 2015); *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ may discount a claimant's subjective complaints of pain "if the evidence as a whole is inconsistent with the claimant's testimony." *Andrews. v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015).

Here, the ALJ's RFC formulation is supported by substantial medical evidence. The ALJ reviewed the somewhat limited amount of medical evidence and testimony in this case and properly concluded that Mr. Homer did not receive the type of treatment indicative of disabling conditions. When Mr. Homer did seek treatment, it was "largely conservative in nature," and generally involved routine follow-up appointments and benign medication treatment. (AR 15-16). In fact, no physician who examined Mr. Homer in the relevant time period ascribed limitations that were consistent with a disability. (AR 16). Thus, substantial evidence supports the ALJ's RFC formulation.

Similarly, the ALJ properly weighed Mr. Homer's subjective complaints of pain. Mr. Homer reported that his right shoulder and neck pain had progressed to the point where he could no longer perform strenuous physical labor as he had done for many years. (AR 232). However, from the record it appears Mr. Homer did not seek treatment for neck or right should pain until June 2014, despite alleging a disability onset date in March 2015. (AR 16, 239). Moreover, subsequent examinations revealed normal strength and range of motion of the extremities, no significant spinal findings, and no other abnormalities consistent with debilitating pain. (AR 16, 234). And although Mr. Homer claimed to be in severe pain, no physician referred him to a pain management specialist. (AR 16).

Indeed, Mr. Homer often showed improvement in his symptoms with conservative measures. At one point Mr. Homer reported his pain was an "eight" out of "ten," but after approximately five months of physical therapy noted it had decreased to a "one" out of "ten." (AR 16). Similarly, Mr. Homer testified that pain medication helped control his pain. (AR 41-42).

Thus, the ALJ correctly identified inconsistencies between the severity of Mr. Homer's complaints and the overall evidence in the record.

In sum, the ALJ properly weighed both medical evidence and Mr. Homer's testimony, including his subjective complaints of pain. The Court accordingly finds substantial evidence supports the ALJ's RFC determination.

   b. *The ALJ placed Mr. Homer in the proper age category.*

Mr. Homer next argues the ALJ should have applied a higher age category when considering whether Plaintiff was disabled under the Medical-Vocational Guidelines (Grids). 20 C.F.R. Part 404, Subpart P, App'x 2. As noted above, at step five the burden shifts to the Commissioner to prove a claimant has the ability "to perform a significant number of other jobs in the national economy that are consistent with [his] impairments and vocational factors such as age, education, and work experience." *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (*quoting Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001)). The Grids may be used as part of this analysis. *Id.* (citation omitted). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the [Grids], then the ALJ must reach the conclusion (either disabled or not disabled) directed by the [Grids]." *Id.* (*quoting Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir.1993) (internal quotation marks and citation omitted); *see* 20 C.F.R. Part 404, Subpart P, App'x 2. At issue is Mr. Homer's age categorization.

If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled," then the older age category may be applied depending in part on the number of additional vocational adversities present. 20 C.F.R. § 404.1563(b); *Phillips*, 671 F.3d at 702 (citation omitted) (explaining a claimant's lack of past relevant work experience was a vocational adversity, and the ALJ's consequent failure to consider applying an older age category required remand). If no additional adversities are shown, the ALJ may simply rely upon a claimant's chronological age without further explanation. *Id.*

Here, the ALJ properly categorized Ms. Homer's age. While Mr. Homer attempts to compare his case to *Phillips*, such reliance is misplaced. For one, unlike *Phillips*, the ALJ correctly identified this case as a borderline age situation, and properly analyzed whether to apply an older age category. *See* 671 F.3d at 702. The ALJ noted that Mr. Homer was three months from a classification of "advanced age," which would have necessitated a finding of disabled under the Grids. (AR 17-18). Next, whereas in *Phillips* the claimant had no past relevant work, here Mr.

Homer worked as a diesel mechanic beginning in 1987. *Id.* Mr. Homer was gainfully employed in a skilled position for many years, and the ALJ properly found that Mr. Homer had the ability to develop transferrable job skills. Substantial evidence thus supports the ALJ's conclusion that Mr. Home's past relevant work did not amount to an additional vocational adversity.

The ALJ also correctly decided that Mr. Homer had no other vocational adversities. While Mr. Homer lacks a high school diploma, his eleventh-grade education nonetheless supports the ALJ's decision to apply the lower age category. (AR 17, 30); *see* POMS DI 25015.006(E)(1)(b) (explaining a literate, English-speaking claimant with at least an eleventh-grade education does not support an adversity). Similarly, Mr. Homer's non-severe impairments aggregately do not rise to a vocational adversity. The ALJ found Mr. Homer suffered from several non-severe impairments, including obesity, rib fractures, and tobacco use disorder. (AR 13). However, as noted by the ALJ, none of Mr. Homer's physicians thought his weight caused or exacerbated his other impairments. *Id.* Similarly, Mr. Homer's ribs were expected to heal within a month. (AR 13, 235). And Mr. Homer's lung examinations generally showed normal results. (AR 13, 233, 236, 240). Together, substantial evidence supports the ALJ's determination that Mr. Homer suffered from no additional vocational adversities. The ALJ's decisions must therefore be affirmed.

## VI. Conclusion

For the reasons as set forth herein, the Court finds the Commissioner's determination that Mr. Homer was not disabled was supported by substantial evidence on the record as a whole, and is therefore affirmed. Judgment shall be entered in favor of Defendant and against Plaintiff.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed as set forth herein.

Dated this 16th day of January, 2019, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge